FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY, Allmerica Financial Life Insurance an Annuity Company, and Allmerica Investments, Inc., Plaintiffs,

v.

Calvin S. SUMNER, Harold D. West, and Metropolitan Life Insurance Company, Defendants.

No. CIV. 02–0034–HU.

United States District Court, D. Oregon.

April 18, 2002.

Christopher T. Carson, Kilmer, Voorhees & Laurick, Portland, OR, Steven L. Manchel, Manchel, Maloney & Brennan, P.C., Newton, MA, for Plaintiffs.

Martin Harris, Rachel B. Cowen, Connelly Sheehan Moran, Chicago, IL, Per A. Ramfjord, Stoel Rives LLP, Portland, OR, for Defendants.

## OPINION AND ORDER

KING, District Judge.

Plaintiffs filed this action against two former employees and their new employer alleging that the former employees took confidential business information in violation of express contractual obligations, common law fiduciary duties and Oregon law and that defendants have been wrongfully using this information to solicit clients and former employees.[1] On March 1, 2002, I denied plaintiffs' motion for preliminary injunction. Plaintiffs now seek a stay of this action pending NASD arbitration. Defendants oppose arbitration on two grounds: (1) plaintiffs waived their right to seek arbitration by waiting until after the conclusion of the preliminary injunction hearing to seek enforcement of their right to arbitrate; and (2) two of the plaintiffs are not parties to the contracts that call for arbitration and are not NASD members.[2]

First, I reject defendants' contention that plaintiffs waived their rights to seek arbitration. Plaintiffs put the court on notice of their intent to seek arbitration early in the action with their proposed order on the preliminary injunction. Plaintiffs' pre-hearing memorandum also indicates their intent to seek arbitration following the preliminary injunction hearing. Further, the individual defendants also initially notified the court of their intent to proceed to arbitration when they filed their limited joinder in Met Life's motion for partial summary judgment.

Considering all of the circumstances since the filing of this action, I find that plaintiffs did not voluntarily relinquish their rights to seek arbitration. While defendants claim to have been prejudiced by the expense incurred in seeking partial summary judgment on the contract claims and discovery, all of these expenses would have also occurred in some form with the arbitration. Further, in the plaintiffs' arbitration complaint, they acknowledge the court's ruling on partial summary judgment and expressly do not seek to re-litigate that issue in arbitration. That a party may seek injunctive relief in court prior to proceeding to arbitrate the merits of the underlying claims is well established. *See e.g. PMS Distributing Co., Inc. v. Huber & Suhner, A.G.*, 863 F.2d 639 (9th Cir.1988) (court may grant inter-

---

1. On February 21, 2002, I granted defendants' motion for partial summary judgment and held that the restrictive covenants included within the individual defendants' employment contracts were unenforceable under O.R.S. 653.295.

2. Even though defendant MetLife was not a party to the contracts between plaintiffs and Sumner or West, MetLife acknowledges that, as a NASD member, it is subject to agreements to arbitrate disputes with other NASD members.

im relief prior to directing parties to arbitration).

In determining whether to send the remainder of this dispute to arbitration, the court is mindful of the federal policy favoring arbitration and that any doubts should be resolved in favor of arbitrability. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir.1999), *citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). This holds true even if to do so would require a "piecemeal resolution" of all outstanding issues and even if not all parties to the federal court action are parties to the arbitration. *Moses H. Cone*, 460 U.S. at 19, 103 S.Ct. 927. The Supreme Court noted that where all of the parties in a court action are not parties to an arbitration agreement, "it may be advisable to stay litigation." *Id.* at 21, n. 23, 103 S.Ct. 927; *see also United States v. Neumann Caribbean International, Ltd.*, 750 F.2d 1422 (9th Cir.1985) (stay pending arbitration within court's discretion considering economy and efficiency).

■ Defendants' primary concern is that if all of the named plaintiffs are not joined in the arbitration, it may lead to a needless duplication of efforts. However, plaintiffs have provided the court with a copy of their arbitration complaint and all named plaintiffs in this action are also named in the arbitration. Plaintiffs indicate that its non-NASD members may participate and the arbitration complaint reveals that all named plaintiffs have in fact opted to do so. Further, there is no question that any arbitration decision can have res judicata or a collateral estoppel effect upon federal litigation. *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir.1992). Any review of an arbitrator's decision will be very limited. *Id.*

Based upon the foregoing, the court finds that it is appropriate to give effect to the arbitration agreement in this case. The court further finds that a stay of litigation is appropriate because the arbitration may well moot all remaining issues among the parties. Accordingly, MetLife's motion to enjoin arbitration (# 63) is DENIED and this action is stayed pending the completion of NASD arbitration.

IT IS SO ORDERED.