[No. 30235. Department One. May 29, 1947.]

ALL-RITE CONTRACTING COMPANY, *Respondent*, v. HORACE J. OMEY *et al., Appellants.*[1]

[1] Reported in 181 P. (2d) 636.

*Jones & Bronson* and *Story Birdseye,* for appellants.

*Catlett, Hartman, Jarvis & Williams* and *James G. Mulroy,* for respondent.

ABEL, J.—Plaintiff brought suit in the superior court for King county by an "application for order directing defendants to proceed with arbitration." The prayer asks that the dispute between the parties be determined by arbitration, for a money judgment, and for a lien upon certain property. After a hearing, the trial court entered an order directing defendants to proceed with arbitration, the material parts of the order being as follows:

"IT IS, THEREFORE, ORDERED AND DECREED that the parties hereto, All-Rite Contracting Co., and Horace J. Omey and Marjorie E. Omey, his wife, are ordered and directed to proceed to arbitrate the dispute and matters alleged and set out in the plaintiff's application for order directing defendants to proceed with arbitration and that accordingly the said plaintiff shall nominate and notify the defendants or their attorneys in writing of the name of the plaintiff's arbitrator, and within ten days thereafter the defendants shall notify the plaintiff or its attorneys in writing of the name of their arbitrator and that the said two arbitrators select a third as provided by the said agreement and proceed with the said arbitration with due dispatch and with the powers given them under the laws of the State of Washington.

"IT IS FURTHER ORDERED that this Court retain jurisdiction of this matter and that any of the parties hereto may apply to this Court upon notice to the other party or parties for any orders or relief that may be necessary or proper to carry out the said arbitration proceedings promptly in accordance with Remington's Revised Statutes, Section 430-1 to 430-23, inclusive, and that the said arbitrators shall make their award in writing signed by them or a majority of them, and deliver a true copy to each of the parties hereto or their attorneys."

After the entry of the above order, defendants served and filed a notice of appeal and bond for costs. Respondent (plaintiff below) has filed in this court a motion to dismiss the appeal for the reason that it is premature and that this court has no jurisdiction to entertain an appeal except from a final judgment.

Prior to the legislative session of 1943, Rem. Rev. Stat., §§ 420 to 430, inclusive, governed the question of arbitration of disputes. There was no reference in these sections to the question of appeal to this court. The general statute governing appeals (Rem. Rev. Stat., § 1716 [P.P.C. § 5-1]) applied to such cases, and it provides that any party aggrieved may appeal to the supreme court from the final judgment entered in any action or proceedings. Under subsection (6), an appeal can be taken

" . . . from any order affecting a substantial right in a civil action or proceeding, which . . . (4) sets aside or refuses to affirm an award of arbitrators, or refers the cause back to them."

In 1943, the legislature repealed the sections of the code providing for arbitration and passed a comprehensive statute dealing with the various phases of arbitration, which, among other things, provided as follows (Rem. Supp. 1943, § 430-22 [P.P.C. § 8-73]):

"An appeal may be taken from any final order made in a proceeding under this act, or from a judgment entered upon an award, as from an order or judgment in any civil action."

Appellants argue that this last statute provides for an appeal from any final order made in any proceeding under this act and cite cases from the state of New York and from the Federal courts which have passed upon appeals under the Federal arbitration act.

■ In view of the fact that the right to appeal is entirely dependent upon legislative enactment, it is unnecessary for us to endeavor to harmonize an interpretation of the statutes of this state with those of the Federal government or another state.

■ We are unable to follow appellants' argument. When the legislature passed Laws of 1943, chapter 138, p. 433, § 22 (Rem. Supp. 1943, § 430-22, *supra*), it provided that an appeal may be taken from any final order or from a judgment entered upon an award " . . . *as from an order or judgment in any civil action.*" (Italics ours.) It is apparent that the legislature specifically provided that the appeal

should be the same as provided for in Rem. Rev. Stat., § 1716, and an appeal cannot be taken from an order to proceed with arbitration.

In *Reif v. LaFollette,* 19 Wn. (2d) 366, 142 P. (2d) 1015, an appeal was taken from an interlocutory order adopting an auditor's report in the lower court. We stated the rule to be as follows:

"It was held, as early as 1891, in the case of *Windt v. Banniza,* 2 Wash. 147, 26 Pac. 189, that an appellate court should not depart from the well-known and established principles of the common law and permit a case to be brought before it piecemeal for review unless clearly authorized to do so by legislative enactment. We have never departed from that rule, but have repeatedly reaffirmed it."

For the reasons herein stated, the appeal is dismissed.

MALLERY, C. J., MILLARD, JEFFERS, and HILL, JJ., concur.

