[No. 555-1.   Division One—Panel 2.   July 13, 1970.]

TEUFEL CONSTRUCTION COMPANY, *Appellant*, v. AMERICAN ARBITRATION ASSOCIATION, *Defendant*, LAKE STEVENS SCHOOL DISTRICT NO. 4 OF SNOHOMISH COUNTY, *Respondent*, DEHART, LANDS AND HALL, *Appellant.*

*Lycette, Diamond & Sylvester* and *Lyle L. Iversen*, for appellant Teufel Construction Co.

*Lane, Powell, Moss & Miller* and *Gordon W. Moss*, for appellant DeHart, Lands & Hall.

*Senter & Miller* and *Donald A. Senter*, for respondent.

WILLIAMS, J.—This appeal is from an order of the superior court denying motions of appellants, Teufel Construction Company and DeHart, Lands and Hall, for stay of arbitration and granting the motion of respondent, Lake Stevens School District No. 4 of Snohomish County, for an order compelling appellants to arbitrate their dispute with the respondent.

Appellants, DeHart, Lands and Hall, are architects who were engaged by the respondent to prepare plans and spec-

ifications for a school building and to act as representative of the respondent during construction. Appellant Teufel Construction Company, as the successful bidder, was awarded the construction contract on the project.

Disputes arose over certain change orders to the construction contract which related to site work and for which the respondent school district was charged in excess of $100,000.

Both the respondent school district contract with the architects and the construction contract contained clauses that "all claims, disputes and other matters in question arising out of, or relating to, . . ." the contracts were to be decided by arbitration and each agreement to arbitrate was to be "specifically enforceable under the prevailing arbitration law." Further, each contract stated, "The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof."

The existing arbitration law is RCW 7.04. All proceedings herein have been taken pursuant to this statute.

Appellants assert that the disputes are not within the purview of the arbitration agreements of the contracts. They contend on this appeal that the order compelling arbitration is final and that they will be precluded from later challenging the decision of the trial court that the disputes are arbitrable.

■ It has been definitely settled by the Supreme Court of this state that an order compelling arbitration is not final and therefore is not appealable. *All-Rite Contracting Co. v. Omey,* 27 Wn.2d 898, 181 P.2d 636 (1947). Appellants seek to distinguish this case on the basis that in *All-Rite Contracting Co.,* in the " 'application for order directing defendants to proceed with arbitration,' " there was a prayer for a money judgment and a lien upon certain property. There is no substance to this distinction. The arbitration act provides that an award may be reduced to a judgment which will have the same force and effect as any other judgment. RCW 7.04.210. The procedure to be followed and

the remedies to be applied are determined by the arbitration agreement and the provisions of the arbitration act, not by the prayer for relief in the application for an order compelling arbitration. *See Thorgaard Plumbing & Heating Co. v. County of King*, 71 Wn.2d 126, 426 P.2d 828 (1967); *Northern State Constr. Co. v. Banchero*, 63 Wn.2d 245, 386 P.2d 625 (1963). The request for a judgment and lien in the prayer of *All-Rite Contracting Co.* was surplusage.

■ But appellants contend that if and when an award is made, the superior court will not have the power to vacate because subsection 5 of the vacation of award statute (RCW 7.04.160) permits vacation only:

> If there was no valid submission or arbitration agreement *and* the proceeding was instituted without either serving a notice of intention to arbitrate, as provided in RCW 7.04.060, or without serving a motion to compel arbitration, as provided in RCW 7.04.040 (1).

(Italics ours.) Since a valid notice was served, appellants believe that the validity of the submission or arbitration agreement may not be questioned. The answer to this contention is that subsection 4 of the same statute authorizes the court to vacate an award if the arbitrators exceed their powers. If the disputes in this case are not arbitrable under the agreement, the arbitrators have no power. Hence, subsection 4 provides sufficient authorization for the court to consider a challenge to an award.

At the proper time, appellants will have full opportunity to present for review any judgment upon an award entered against them in the superior court since such a judgment is the same as in any civil action. RCW 7.04.220.

Rule 14 CAROA permits an appeal:

> (1) From the final judgment entered in any action or proceeding. An appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding either before or after the judgment.
>
> . . .
>
> (6) From any order affecting a substantial right in a

civil action or proceeding, which either, . . . (4) sets aside or refuses to affirm an award of arbitrators, or refers the cause back to them.

On appeal, appellants may challenge the jurisdiction of the trial court to entertain the arbitration proceedings for lack of a binding arbitration agreement or because the disputes are not arbitrable under the agreement.

The order compelling arbitration is not appealable, and the appeal is dismissed.

HOROWITZ, A. C. J., and UTTER, J., concur.