[No. 15877–5–I.  Division One.  May 18, 1987.]

W. A. BOTTING PLUMBING AND HEATING COMPANY, *Respondent,* v. CONSTRUCTORS–PAMCO, *Appellant.*

*Douglas K. Haughton, Thomas D. Frey, John Budlong,* and *Stafford, Frey & Mertel,* for appellant.

*Joel McCormick* and *Winston & Cashatt,* for respondent.

GROSSE, J.—Constructors–Pamco (Pamco) appeals from an order confirming an arbitration award in favor of W. A. Botting Plumbing and Heating Company. Pamco argues that the arbitrator lacked jurisdiction to hear the case. We disagree.

Pamco was awarded a construction contract by the Snohomish County Public Utility District No. 1. Pamco thereafter subcontracted a majority of the mechanical work to Botting. The agreement between Pamco and Botting included the following arbitration clause.

> Arbitration
>
> Any controversy or claim affecting only contractor and subcontractor and arising out of or relating to this contract, or the breach thereof, shall be settled in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award may be entered in any court having jurisdiction thereof.

Botting sought recovery for various items and demanded arbitration pursuant to the subcontract.

After the completion of the arbitration hearing, Pamco submitted a memorandum to the arbitrator contesting, *inter alia,* the arbitrator's jurisdiction. Pamco's objection to the arbitrator's jurisdiction was based on the premise that the dispute involved parties in addition to the contractor and subcontractor and was therefore not subject to arbitra-

tion pursuant to a clause in the general contract between it and the Public Utility District. Pamco claims that this clause was incorporated into the subcontract. That clause, general condition 39 of the general contract, provided in pertinent part:

> The adjusted unit price shall be mutually agreed upon between the Contractor, the Engineer and the Owner and shall be based on the Contractor's cost data when verified by the Engineer.

Pamco argues that the mutual agreement necessary to obtain a unit price adjustment involves a party other than the contractor and subcontractor, namely the owner.

The arbitrator reopened the hearing in order to rule on the issues presented in the post–hearing memorandum. Botting was given an opportunity to respond and did so. After considering all the evidence, the arbitrator issued an award in favor of Botting that was confirmed by the trial court.

*AT&T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 89 L. Ed. 2d 648, 106 S. Ct. 1415 (1986) reiterates the principles that govern arbitrability. These principles are derived from the *Steelworkers'* trilogy.[1] Although initially developed in the field of labor law, we find them equally pertinent to commercial arbitration. These principles are: (1) the duty to submit a matter to arbitration arises from the contract itself; (2) the question of whether parties have agreed to arbitrate a dispute is a judicial one unless the parties clearly provide otherwise; (3) a court should not determine the underlying merits of a dispute in determining the arbitrability of an issue; and (4) arbitration of disputes is favored by the courts.

In the case at bar, the contract provides for arbitration of disputes arising between the contractor, Pamco, and the subcontractor, Botting. In determining whether the

---

[1] *United Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 4 L. Ed. 2d 1403, 80 S. Ct. 1343 (1960); *United Steelworkers v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 4 L. Ed. 2d 1409, 80 S. Ct. 1347 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 4 L. Ed. 2d 1424, 80 S. Ct. 1358 (1960).

parties have agreed to arbitrate a dispute the balance is weighted in favor of arbitration. As the Supreme Court noted in *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626, 87 L. Ed. 2d 444, 105 S. Ct. 3346, 3354 (1985), "the parties' intentions control, but those intentions are generously construed as to issues of arbitrability."[2]

■ Pamco's assertion that the mere fact that the dispute involves more parties than the contractor and subcontractor automatically precludes the triggering of the arbitration clause is not well taken. Language similar to that employed in the instant contract was recently interpreted by the Ninth Circuit to the contrary. In *United States ex rel. Newton v. Neumann Caribbean Int'l,* 750 F.2d 1422 (9th Cir. 1985), the subcontract provided for arbitration "in disputes arising between only the general Contractor and the Sub–Contractor". *Neumann,* at 1424. In holding the matter to be arbitrable, the court stated:

> [E]ven if the rights of Newton cannot be vindicated without consideration of the owner's . . . actions, this dispute is between only two parties, the prime contractor and the sub–contractor.

*Neumann,* at 1425. Even if this construction is not deemed determinative in and of itself, without delving into the substantive merits of the claims, we cannot, on this limited record, determine that this dispute between Pamco and Botting requires the presence of the owner for resolution.

Application of the third *Steelworkers'* principle—a court should not determine the underlying merits of a dispute in determining the arbitrability of an issue—augurs for upholding the arbitration award in this case. Applying analogous reasoning, Washington courts have held that a court's inquiry into arbitrability is finished when a com-

---

[2]In *Local 77, Int'l Bhd. of Elec. Workers v. PUD 1,* 40 Wn. App. 61, 64, 696 P.2d 1264 (1985), this court enunciated the proposition that under a collective bargaining agreement providing for arbitration all disputes between parties are within the arbitration provisions unless that presumption is negated expressly or by clear implication in the language of the contract.

plaint on its face calls for an interpretation of the agreement. *Local 77, Int'l Bhd. of Elec. Workers v. PUD 1,* 40 Wn. App. 61, 64, 696 P.2d 1264 (1985). Interpretation of the agreement would be required in the instant case to accept Pamco's argument. The inquiry into whether or not each of the items in dispute indeed involved a party other than the contractor/subcontractor is a factual determination best left to the arbitrator.

The inexorable presumption in favor of arbitration also applies:

> The threshold question of arbitrability is one of law, and a reviewing court is obligated to make its own determination of the issue. . . . [W]e agree . . . that, where the scope of arbitration is "fairly debatable" or "reasonably in doubt," the arbitrator's assumption of jurisdiction should be upheld.

(Citation omitted.) *Davis v. Chevy Chase Fin. Ltd.,* 667 F.2d 160, 166–67 (D.C. Cir. 1981). In the present matter, the scope of the arbitration clause is broad. The limitation which Pamco would have this court place on the clause is "debatable." The trend in modern arbitration law is to favor arbitration whenever possible. G. Wilner, *Commercial Arbitration* § 12.02, at 155 (rev. ed. 1984).

We also note, but do not rely on it for this decision, that Pamco's failure to raise the issue of arbitrability by a motion to stay arbitration, coupled with its submission of the arbitrability of the issue to the arbitrator, could be construed as a waiver of its rights to pursue the issue in the courts. *Jarrell v. Wilson Warehouse Co.,* 490 F. Supp. 412, 417 (M.D. La. 1980). *See also Maddy v. Castle,* 58 Cal. App. 3d 716, 130 Cal. Rptr. 160 (1976), wherein it is stated that when a party has "briefed, argued and submitted to the arbitrator, as an arbitrable issue, the question of the arbitrability of the underlying issues", he is precluded from raising it in the courts. *Maddy,* at 720 (citing *Titan Enters., Inc. v. Armo Constr., Inc.,* 32 Cal. App. 3d 828, 831, 108 Cal. Rptr. 456 (1973)). A party that chooses arbitration as the arena within which to argue arbitrability should be

precluded from subsequently raising the issue again in the courts except in the very limited circumstances provided by statute, RCW 7.04.160, and then only if that error appears on the face of the award. *Northern States Constr. Co. v. Banchero*, 63 Wn.2d 245, 386 P.2d 625 (1963).[3]

We affirm the trial court's confirmation of the award.

RINGOLD, A.C.J., and PEKELIS, J., concur.

---

[3]*But see Teufel Constr. Co. v. American Arbitration Ass'n*, 3 Wn. App. 24, 472 P.2d 572 (1970). The party objecting to jurisdiction is apparently on the horns of a dilemma: If it submits the issue it cannot raise the issue again in the courts. If it raises the issue initially in the courts, it cannot appeal because a court order compelling arbitration is not a final order. However, this dilemma is more apparent than real if the waiver rule is limited to a true "submission" of the issue to the arbitrator as distinct from a circumstance where a party is compelled to submit. In the latter, jurisdiction may be raised in a motion to vacate or modify. In the instant matter, it is unclear from the record as to whether Pamco "submitted" the issue or whether it merely attempted to preserve the claimed error.