[No. 40351-0-II.   Division Two.   January 24, 2012.]

WAQAS SALEEMI ET AL., *Respondents*, v. DOCTOR'S ASSOCIATES, INC., *Appellant*.

*Gary H. Branfeld* (of *Smith Alling PS*), for appellant.

*Todd S. Baran* (of *Todd S. Baran PC*) and *Douglas D. Sulkosky*, for respondents.

¶1 JOHANSON, J. — Doctor's Associates Inc. (DAI) entered into three franchise agreements with Waqas Saleemi and Farooq Sharyar (collectively Saleemi). Each agreement required the parties to arbitrate their disputes in Connecticut, under Connecticut substantive law, and included a damages-limitation provision. After a dispute arose, DAI filed for arbitration in Connecticut and Saleemi filed a civil lawsuit against DAI in Washington. When DAI moved to compel arbitration under the terms of the agreements, the

trial court struck the arbitration site (venue), choice of law, and damages-limitation provisions and ordered the parties to arbitrate the dispute in Washington, under Washington law, without any damages limitation. DAI did not move for discretionary review of the trial court's order. After the arbitrator found in Saleemi's favor, Saleemi moved in the superior court to confirm the arbitration award, and DAI moved to vacate the award. The superior court denied DAI's motion to vacate the arbitration award in full and confirmed the arbitration award.[1] DAI appeals, arguing that although the trial court did not err in compelling arbitration generally, it (1) exceeded its authority when it determined that the venue, choice of law, and damages-limitation provisions were unenforceable; (2) erred in finding that the venue, choice of law, and damages-limitation provisions were unconscionable; (3) erred in failing to award DAI attorney fees and costs; (4) erred in confirming the arbitrator's award; and (5) erred in awarding Saleemi "post arbitration award" attorney fees. Br. of Appellant at 2. Although we remand to the superior court to award attorney fees and costs to DAI on the motion to compel, because DAI does not establish prejudice, we affirm the order on the motion to compel and the order confirming the arbitrator's award.

## FACTS

### I. Franchise Agreements, Alleged Breach, and Lawsuit

¶2 DAI franchises Subway sandwich shops. On March 2, 2004, June 14, 2006, and June 21, 2006, DAI and Saleemi entered into franchise agreements for three Subway stores in Pierce County. Each of these agreements required binding arbitration in Connecticut and contained choice of law, attorney fee, and damages-limitation provisions.

---

[1] The superior court did, however, strike the prejudgment interest that had been included in the award. That portion of the superior court's decision is not at issue in this appeal.

¶3 In June 2008, DAI attempted to terminate the franchise agreements after it obtained information leading it to believe that Saleemi had violated the noncompetition clause in the franchise agreements. On August 20, DAI demanded arbitration in Bridgeport, Connecticut.

¶4 On August 28, Saleemi filed a civil complaint against DAI in Pierce County Superior Court, alleging that Saleemi had cured the default and that DAI's attempt to terminate the agreements without an opportunity to cure violated RCW 19.100.180(2)(j).[2] Saleemi asked the superior court to "restrain[]" DAI from "arbitrating this matter and from arbitrating the matter in the [s]tate of Connecticut." Clerk's Papers (CP) at 2.

## II. Trial Court Order Compelling Arbitration in Washington, under Washington Law, without Damages Limitation

¶5 In its answer, DAI asserted that the superior court "lack[ed] appropriate jurisdiction over the parties" because the agreements required arbitration, challenged the superior court's venue, and asked the superior court to dismiss Saleemi's complaint and award attorney fees and costs. CP at 6. But DAI also asserted a "counterclaim," asking the superior court to enter an order compelling arbitration and

---

[2] RCW 19.100.180(2)(j) states, in part:

(2) For the purposes of this chapter and without limiting its general application, it shall be an unfair or deceptive act or practice or an unfair method of competition and therefore unlawful and a violation of this chapter for any person to:

. . . .

(j) Terminate a franchise prior to the expiration of its term except for good cause. Good cause shall include, without limitation, the failure of the franchisee to comply with lawful material provisions of the franchise or other agreement between the franchisor and the franchisee *and to cure such default after being given written notice thereof and a reasonable opportunity*, which in no event need be more than thirty days, *to cure such default,* or if such default cannot reasonably be cured within thirty days, the failure of the franchisee to initiate within thirty days substantial and continuing action to cure such default.

(Emphasis added.)

arguing that the agreements' arbitration clauses required binding arbitration in Bridgeport, Connecticut, and that "[v]enue" was not in Washington State. CP at 6. DAI also requested attorney fees under the agreements because Saleemi had "failed and refused to engage in arbitration." CP at 7. In its motion to compel arbitration, DAI asserted:

> It is undisputed that the Agreements provide that the laws of the [S]tate of Connecticut shall govern the interpretation and enforcement of the Agreements. The Agreements do provide for the application of the *Franchise Investment Protection Act* [(FIPA), ch. 19.100 RCW,] of this state. However, there is nothing in that statute which restricts the use of a choice of forum or an arbitration clause. Therefore, the Washington FIPA still provides no basis for this lawsuit.

CP at 11. Saleemi opposed the motion to compel.[3]

¶6 At the motion hearing, the superior court stated that its "biggest concern" was the venue provision, noting that it was particularly concerned because the "alleged non-compete issue" occurred in Washington, and it might be a hardship for Saleemi to face arbitration in Connecticut when all the witnesses were in Washington. Verbatim Tr. of Proceedings (VTP) (Sept. 19, 2008) at 5, 7. Although DAI acknowledged that the venue provision was severable and stated that it would proceed with arbitration in Washington if the superior court ordered such arbitration, DAI continued to argue that the superior court should find that Saleemi was required to arbitrate the matter in Connecticut.[4] DAI also stated that Washington's FIPA would apply even if the arbitration took place under the terms of the agreements.

---

[3] Saleemi also moved to amend his complaint "to include the claim that the arbitration paragraphs in the Franchise Agreements are unconscionable under the laws of the State of Washington." CP at 81. But Saleemi withdrew his motion to amend the complaint after the trial court ordered arbitration in Washington.

[4] For example, DAI's counsel argued:

> If the Court rules that the matter go to arbitration but orders that it take place in Washington, my client will, of course, abide by that particular determination, but there's no question that this matter has to be decided by arbitration, under

¶7 On September 19, 2008, without hearing any argument related to the choice of law provision or the damages limitation, the superior court found the venue clause unconscionable and ordered "that the disputes between the parties shall be arbitrated in Washington under Washington law, with no limitation on remedies."[5] CP at 218. The superior court did not enter any order (oral or written) regarding DAI's request for attorney fees in its motion to compel arbitration. DAI did not move for discretionary review of the September 19, 2008 order.

### III. ARBITRATION AWARD AND MOTION TO VACATE ARBITRATION AWARD

¶8 The parties proceeded to arbitration in Washington before an American Arbitration Association arbitrator. CP at 222. In his "interim award," the arbitrator (1) found in Saleemi's favor and (2) stated, "Claimant DAI shall pay to respondents 'compensatory damages' as that term is defined in section 17 of exhibit 52.[6] They may choose either option." CP at 290 (capitalization omitted). The arbitrator

---

the agreement, is scheduled to take place and should take place a[t] a forum in the state of Connecticut.

. . . .

Certainly, under a situation such as this, the Court should . . . order that the arbitration take place and should order that the arbitration take place in the venue where the parties, by agreement, not once, not twice, but on three separate occasions agreed to the venue that would be set.

VTP (Sept. 19, 2008) at 8-9.

[5] The superior court also orally ruled:

Well, I am going to find that the forum selection is unconscionable under this circumstance and—but on the other hand, I am going to order that there be arbitration in the state of Washington. I'm also going to order that there be no limit to the remedies in the arbitration.

So you're going to get your arbitration, but we're going to have Washington law, Washington forum, and no limit to the remedies.

VTP (Sept. 19, 2008) at 17.

[6] The reference to "section 17 of exhibit 52" appears to be to section 17 of the agreements. Section 17 set out the damages-limitation clause, which contained two alternative methods for calculating compensatory damages. CP at 38, 54, 68-69.

awarded Saleemi a total of $230,000.00 in "compensatory damages," $161,536.00 in attorney fees, and $32,837.96 in costs.[7] CP at 222. Saleemi moved in the superior court to confirm the arbitration award; DAI opposed Saleemi's motion to confirm the arbitration award and moved to vacate the award, arguing that the superior court's September 2008 order was improper.

¶9 On January 22, 2010, the superior court heard argument on both of these motions. DAI argued that the superior court had exceeded its authority when it decided that the venue, choice of law, and damages-limitation provisions were unconscionable. DAI asserted that the validity of these three provisions was a question for the arbitrator in Connecticut and that the superior court lacked the authority to address them.

¶10 In response, the superior court asked DAI why it had proceeded to arbitration rather than moving for discretionary review of the 2008 order.[8] DAI explained:

> We looked at that particular issue at the time, to be frank. We looked at the statute . . . , and we came to the conclusion that the likelihood of the Court taking it back at that particular point was not very great and the costs and expenses at that particular point in time, who knew, the cost and expenses of taking the appeal would not be a wise allocation. We thought we would get a decision, a different decision, but it would have been a discretionary review. So that alone is not grounds. I've cited to the case law in that particular area and that's not a final order.

---

[7] The arbitrator also indicated that this award would bear interest from the date of the award until paid in full. The superior court later determined that the start date of the prejudgment interest award was incorrect. That portion of the superior court's decision is not at issue in this appeal.

[8] Specifically, the superior court stated:

> [M]y question [is], if now a year and a half later with a result which clearly the defendant is not very happy with, now say, oh, what you did a year and a half ago was wrong, when you had an opportunity to at least ask for a discretionary review on a critical issue, obviously. If this should have gone to Connecticut, that should have been decided then.

Verbatim Report of Proceedings (Jan. 22, 2010) at 7.

. . . .

. . . So that's the particular reason for it. We made a decision for economic reasons at that time that we thought we could take this particular shot. It's not like we didn't raise all of these issues in the first go-round. We did. Every issue that I am raising now is in the briefs that we submitted, originally.

So what we have now is mainly the benefit of new case law that has come down since the Court's original determination in September of 2008 that clearly directs that the trial court enter an order that does not weigh upon this particular process and leaves these matters for the arbitrator.

Verbatim Report of Proceedings (VRP) (Jan. 22, 2010) at 7-8.

¶11 The superior court denied DAI's motion to vacate and granted Saleemi's motion to confirm the arbitration award. The superior court stated:

Well, I think you knew you had a tough row to hoe when you got here this morning, and I'm going to deny your motion to vacate. You know, I don't even need to hear from the plaintiffs in terms of this portion of it. I think there were other remedies in 2008. It is clear that the defense is unhappy with the result, so you're trying to get a second bite at the apple and it's not going to happen on my watch. Let the Court of Appeals sort that part of it out.

VRP (Jan. 22, 2010) at 9. Saleemi later moved for attorney fees related to confirming the arbitration award. The superior court awarded Saleemi $6,453.33 in attorney fees.

¶12 DAI appeals (1) the superior court's September 2008 order requiring arbitration in Washington, under Washington law, and without any damages limitations;[9] (2) the January 22, 2010 order denying DAI's motion to vacate the arbitrator's award in full; (3) the February 12, 2010 order confirming the arbitrator's award and final judgment; and

---

[9] We note that DAI does not assert that the superior court erred in compelling arbitration or that the matter was not subject to arbitration under the arbitration clause.

(4) the March 19, 2010 order on motion for attorney fees. DAI's arguments, however, focus on whether the superior court's 2008 order was proper.

## ANALYSIS

### I. THRESHOLD ISSUE: REVIEW OF 2008 RULING

¶13 As a preliminary matter, Saleemi asserts that we cannot consider DAI's challenges to the superior court's September 2008 order because DAI did not appeal that ruling before proceeding to arbitration. Instead, Saleemi asserts that we can examine only whether the superior court later had any ground for rejecting the arbitrator's decision under RCW 7.04A.230.[10] We disagree.

---

[10] RCW 7.04A.230 provides:

(1) Upon motion of a party to the arbitration proceeding, the court shall vacate an award if:

(a) The award was procured by corruption, fraud, or other undue means;

(b) There was:

(i) Evident partiality by an arbitrator appointed as a neutral;

(ii) Corruption by an arbitrator; or

(iii) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

(c) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to RCW 7.04A.150, so as to prejudice substantially the rights of a party to the arbitration proceeding;

(d) An arbitrator exceeded the arbitrator's powers;

(e) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under RCW 7.04A.150(3) not later than the commencement of the arbitration hearing; or

(f) The arbitration was conducted without proper notice of the initiation of an arbitration as required in RCW 7.04A.090 so as to prejudice substantially the rights of a party to the arbitration proceeding.

(2) A motion under this section must be filed within ninety days after the movant receives notice of the award in a record under RCW 7.04A.190 or within ninety days after the movant receives notice of an arbitrator's award in a record on a motion to modify or correct an award under RCW 7.04A.200, unless the motion is predicated upon the ground that the award was procured by corruption, fraud, or other undue means, in which case it must be filed

¶14 On July 16, 2010, our commissioner denied Saleemi's motion to dismiss this appeal in which Saleemi asserted that DAI's challenge to the September 2008 order was untimely. *See* Ruling, *Saleemi v. Doctor's Assocs.*, No. 40357-0-III (Wash. Ct. App. July 16, 2010). We then denied Saleemi's motion to modify the July 16, 2010 commissioner's ruling because the September 2008 order was not a final order that was appealable as of right. Saleemi's arguments do not convince us that the commissioner's ruling or our denial of Saleemi's motion to modify that ruling was incorrect.

¶15 Although DAI *could have* moved for discretionary review of the September 2008 order, that order was not appealable of right, and DAI was not *required* to appeal the ruling until after a final order was issued in this matter. *All-Rite Contracting Co. v. Omey*, 27 Wn.2d 898, 900-01, 181 P.2d 636 (1947); *ACF Prop. Mgmt., Inc. v. Chaussee*, 69 Wn. App. 913, 921 n.7, 850 P.2d 1387, *review denied*, 122 Wn.2d 1019 (1993); *Teufel Constr. Co. v. Am. Arbitration Ass'n*, 3 Wn. App. 24, 25, 472 P.2d 572 (1970). That DAI failed to move for discretionary review does not prevent us from considering the propriety of the September 2008 order. *See* RAP 2.2; RAP 2.3(a); *ACF Prop. Mgmt., Inc.*, 69 Wn. App. at 921-22 (a party does not waive the issue of arbitrability by failing to seek discretionary review of decision on arbitrability in motion to compel arbitration); *see also* RAP 2.4(b).

¶16 Saleemi also appears to assert that we may review the September 2008 order only under the statutory grounds set out in RCW 7.04A.230. Although we review

within ninety days after such a ground is known or by the exercise of reasonable care should have been known by the movant.

(3) In vacating an award on a ground other than that set forth in subsection (1)(e) of this section, the court may order a rehearing before a new arbitrator. If the award is vacated on a ground stated in subsection (1)(c), (d), or (f) of this section, the court may order a rehearing before the arbitrator who made the award or the arbitrator's successor. The arbitrator must render the decision in the rehearing within the same time as that provided in RCW 7.04A.190(2) for an award.

(4) If a motion to vacate an award is denied and a motion to modify or correct the award is not pending, the court shall confirm the award.

arbitration awards to determine only whether any statutory grounds for vacation exist under RCW 7.04A.230,[11] reviewing the superior court's 2008 decision on DAI's motion to compel arbitration does not require us to review the arbitration award itself. Because we are not reviewing the arbitration award itself, we are not confined to the enumerated statutory grounds in RCW 7.04A.230. Instead, the ruling on the motion to compel is a decision separate from the arbitration award that was not a final order and was not appealable as of right until after the superior court issued a final order in this matter. *See ACF Prop. Mgmt., Inc.*, 69 Wn. App. at 922.

¶17 Saleemi also suggests that DAI waived its right to appeal the 2008 order by acquiescing to the superior court's 2008 order and proceeding with the arbitration under the terms of that order. In effect, Saleemi is asserting that by failing to move for discretionary review, DAI waived its right to challenge the September 2008 order. But DAI clearly objected to the 2008 order before going forward with the arbitration, and Saleemi does not direct us to any law that required DAI to move for discretionary review before a final order was entered in this matter. *See ACF Prop. Mgmt., Inc.*, 69 Wn. App. at 922.

¶18 Saleemi also argues that DAI invited any error here. He maintains that the following statement from DAI during the September 19, 2009 hearing amounted to an invitation to arbitrate in Washington:

> Therefore, we would request very simply that you order this matter go before arbitration. We believe it should take place in Connecticut. If you should choose and say that Connecticut is an improper forum, then it can take place in the state of Washington. But the long and the short of it, the essence of this dispute must be resolved in arbitration and not in [s]uperior [c]ourts.

VTP (Sept. 19, 2008) at 16-17. We disagree.

---

[11] *See Expert Drywall, Inc. v. Ellis-Don Constr., Inc.*, 86 Wn. App. 884, 888, 939 P.2d 1258 (1997), *review denied*, 134 Wn.2d 1011 (1998).

¶19 The doctrine of invited error precludes review when the appellant induces the trial court to take the action to which error is assigned on appeal. *In re Dependency of K.R.*, 128 Wn.2d 129, 147, 904 P.2d 1132 (1995). The instances in the record to which Saleemi cites do not amount to inducing the trial court to take action. DAI consistently argued that the agreements required arbitration in Connecticut under Connecticut substantive law. Nothing in the record indicates that DAI was changing this position. Rather, the record merely shows that DAI was cognizant that if the trial court ordered arbitration in Washington, it would go forward with the arbitration.

## II. FAILURE TO SEEK DISCRETIONARY REVIEW REQUIRES DAI TO ESTABLISH PREJUDICE

¶20 DAI does not challenge the superior court's authority to compel arbitration or to determine the enforceability of the arbitration agreement generally.[12] Instead, it argues that the superior court exceeded its authority in striking the venue, choice of law, and damages-limitation provisions and asserts that the arbitrator should have determined the validity of these provisions. DAI also argues that even if the superior court had the authority to address the enforceability of these provisions, the record does not support the superior court's decision to strike these provisions. Even assuming that the superior court exceeded its authority in addressing the venue, choice of law, and damages-limitation provisions and in concluding that these provisions were unconscionable, we hold that DAI is not

---

[12] *See* Br. of Appellant at 14 ("If the arbitration clause is enforceable, all other disputes subject to the parties' agreement to arbitrate must be determined by arbitration."); *see* Br. of Appellant at 15 ("Thus, where there is a challenge to the *enforceability* of an arbitration agreement clause, the court must determine that issue in isolation. RCW 7.04A.060(2)." (emphasis added)).

entitled to relief because it fails to establish any possible prejudice.[13]

¶21 As we discussed above, a party does not waive its right to challenge an interlocutory order that is not a final order appealable as of right by failing to move for discretionary review. But a party is not necessarily allowed to acquiesce to the interlocutory order and wait to appeal the allegedly adverse interlocutory ruling until it knows the outcome of the proceedings without any consequences. In cases like this, which involve venue decisions, case law supports requiring a party that knowingly chooses to await the outcome of the proceeding before challenging an interlocutory order on a venue motion to show that it suffered prejudice before this court will grant relief. *See Lincoln v. Transamerica Inv. Corp.*, 89 Wn.2d 571, 578, 573 P.2d 1316 (1978) (if the party objecting to venue fails to move for discretionary review, then the appellate courts require that party to show that the denial of motion to change venue was prejudicial). Because of the similar procedural posture here,

---

[13] In supplemental briefing this court ordered, DAI asserts that we should presume prejudice because there is no record of the arbitration so we cannot determine if anything that occurred in arbitration was prejudicial. But, as we discussed above, we are examining the trial court's 2008 ruling, not the arbitration itself, and DAI could establish the required prejudice by presenting information outside the arbitration record, such as establishing that there are differences between Connecticut and Washington law that could have made a difference in this case or that DAI would have had access to additional evidence in a different venue. DAI also asserts that harmless error is improper when reviewing an arbitrator's decision. Again, we are not reviewing the arbitration itself but, rather, the trial court's 2008 ruling, so this argument is inapposite.

DAI also asserts that we should presume prejudice because the errors here are similar to instructional errors resulting in errors of law. But DAI does not show that any error of law occurred here, a preliminary step that is required before we presume prejudice. *See Keller v. City of Spokane*, 146 Wn.2d 237, 249, 44 P.3d 845 (2002) (in general an instructional error will not be reversed absent a showing of prejudice, but "[a] clear misstatement of the law, however, is presumed to be prejudicial").

DAI further argues that we should presume prejudice because these are "structural errors" that "taint[ed]" the entire proceedings. Appellants' Suppl. Br. at 3. But DAI offers no support for this assertion, nor does it show that the arbitration here was conducted under different procedural or substantive rules or law than would have applied if the arbitration had occurred in Connecticut or under Connecticut law.

we apply the rule from *Lincoln* and hold that in order to obtain relief, DAI must affirmatively establish that there is a possibility that the trial court's 2008 order was prejudicial to DAI.

¶22 The only prejudice DAI alleges is that it was denied the benefit of arbitration in Connecticut, under Connecticut law, subject to the damages limitation. But it is DAI's burden to show not only that the proceedings could have been different but that there is some possibility that the *outcome* of the proceedings could have been different had the arbitration been held in Connecticut, under Connecticut law, subject to the damages limitation. *See Coutee v. Barington Capital Grp., LP*, 336 F.3d 1128, 1134-35 (9th Cir. 2003) (examining whether arbitrator's failure to follow valid, enforceable choice of law clause was harmless; refusing to apply bright-line rule that would require automatic vacation of arbitration award if choice of law clause was not followed and emphasizing that harmless error approach does not contradict the Federal Arbitration Act); *Barnes v. Logan*, 122 F.3d 820 (9th Cir. 1997) (applying harmless error analysis in choice of law context), *cert. denied*, 523 U.S. 1059 (1998); *Lincoln*, 89 Wn.2d at 578 (possible venue error not presumptively prejudicial). The record does not suggest that the arbitration that occurred under the 2008 ruling would have differed if it had been conducted under the terms in the agreements: (1) the arbitration was conducted by the arbitration association designated in the contracts and the same association would have been responsible for any arbitration in Connecticut, (2) DAI does not describe any advantage it would have received had the arbitration physically occurred in Connecticut, (3) DAI repeatedly admits that Washington FIPA would have applied and points to no differences between Washington and Connecticut law that could have affected these proceedings, (4) the record shows that the arbitrator in fact directed the parties to apply the damages limitation by requiring that the parties apply the definition of "compensatory damages"

established in paragraph 17 of the agreement, and (5) DAI does not show that the damages award exceeded the limitations set in each of the franchise agreements.

¶23 Because DAI fails to allege, let alone establish, any prejudice, we affirm the superior court's 2008 order compelling arbitration in Washington, under Washington law, without a damages limitation. Additionally, because DAI's challenges to the order affirming the arbitrator's award all relate to its challenge to the 2008 order, we also affirm the order confirming the amended arbitration award.

### III. ATTORNEY FEES

### A. Fees on Motion To Compel

¶24 In addition to challenging the 2008 superior court order, DAI also argues that the superior court erred when it did not award DAI attorney fees and costs incurred in enforcing the arbitration clause, as required under paragraph 10(e) of the agreements and RCW 4.84.330.[14] DAI requests that we remand to the trial court to award reasonable attorney fees. We agree.

¶25 After DAI started arbitration proceedings in Connecticut, Saleemi responded by initiating a civil action in the superior court rather than moving for arbitration in Washington or Connecticut. In its answer to Saleemi's civil claim and motion to compel arbitration, DAI asserted that it was entitled to attorney fees under the three franchise agreements. When the superior court entered the order compelling arbitration, it did not address any attorney fees

---

[14] RCW 4.84.330 provides:

In any action on a contract . . . entered into after September 21, 1977, where such contract . . . specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract . . . , *shall be* awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

(Emphasis added.)

or costs. Because paragraph 10(e)[15] of the contracts expressly provide for attorney fees and costs, the superior court erred in failing to award attorney fees and costs to DAI. Accordingly, we remand to the superior court to award attorney fees and costs related to DAI's "expenses of enforcing the arbitration clause, including court costs, arbitration filing fees and other costs and attorney's fees." CP at 35, 51, 65.

## B. Attorney Fees and Costs Related to Confirmation of Arbitrator's Award

¶26 DAI also argues that if we reverse the superior court's order confirming the arbitrator's award, the superior court also erred in awarding Saleemi attorney fees and costs incurred in confirming the arbitrator's award. Because we do not reverse the superior court, this argument fails.

## C. Attorney Fees and Costs on Appeal

¶27 Finally, DAI argues that it is also entitled to attorney fees and costs on appeal. Because DAI is not the prevailing party on appeal, we deny DAI's request for attorney fees and costs on appeal.

---

[15] Paragraph 10(e) provides:

Any disputes concerning the enforceability or scope of the arbitration clause shall be resolved pursuant to the Federal Arbitration Act, 9 U.S.C. § [1] et seq. ("FAA"), and the parties agree that the FAA preempts any state law restrictions (including the site of the arbitration) on the enforcement of the arbitration clause in this Agreement. *If, prior to an Arbitrator's final decision, either we or you commence an action in any court of a claim that arises out of or relates to this Agreement (except for the purpose of enforcing the arbitration clause or as otherwise permitted by this Agreement), that party will be responsible for the other party's expenses of enforcing the arbitration clause, including court costs, arbitration filing fees and other costs and attorney's fees.*

CP at 35, 51, 65 (emphasis added).

■ ¶28 Saleemi requests fees on appeal under RCW 7.04A.250(3),[16] which states:

> On application of a prevailing party to a contested judicial proceeding under [RCW] 7.04A.230 . . . , the court may add to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award, attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made.

Saleemi is the substantially prevailing party. Accordingly, we award Saleemi attorney fees and costs under RCW 7.04A-.250 to be determined upon his compliance with RAP 18.1.

¶29 We affirm the superior court's 2008 order compelling arbitration and the order confirming the arbitrator's award. But we remand to the superior court to determine attorney fees and costs related to DAI's motion to compel arbitration and to award those fees and costs to DAI.

ARMSTRONG and VAN DEREN, JJ., concur.

Review granted at 174 Wn.2d 1001 (2012).

---

[16] Saleemi requests fees under RCW 19.86.090. We decline to consider this request because although he asserts that the arbitrator awarded fees and costs under chapter 19.86 RCW, nothing in the record supports that claim.