**OLDE DISCOUNT CORPORATION,**
Plaintiff,

v.

**Julian HUBBARD, Defendant.**

**No. 98–MC–205–EEO.**

United States District Court,
D. Kansas.

May 13, 1998.

Diane A. Nygaard, The Nygaard Law Firm, Leawood, KS, for Defendant.

John W. Shaw, Stephen M. Bledsoe, Bryan Cave LLP, Kansas City, MO, for Plaintiff.

## *MEMORANDUM AND ORDER*

EARL E. O'CONNOR, District Judge.

This matter is before the court on plaintiff's petition to compel arbitration (Doc. # 1) and defendant's motion to dismiss or, in the alternative, to defer decision on plaintiff's petition (Doc. # 4). After careful consideration of the parties' briefs,[1] the court is prepared to rule. For the reasons set forth below, plaintiff's petition will be denied and defendant's motion to dismiss, which will be converted to a motion for summary judgment, will be granted.

### *Factual Background*

The pertinent facts are undisputed by the parties. In January 1996, defendant Julian Hubbard was hired to work in OLDE's Overland Park, Kansas office as a stockbroker trainee. Mr. Hubbard and OLDE executed a Stockbroker Trainee Employment Agreement and Restrictive Covenant ("Employment Agreement"), which provided in part that "[t]he parties agree to arbitrate any dispute, claim or controversy that may arise between the undersigned employee and the Company, including any controversy arising out of the employee's employment or termination of employment with the Company, that is required to be arbitrated under the rules, constitution, or by-laws of the NYSE [New York Stock Exchange, Inc.] and/or the NASD [National Association of Securities Dealers, Inc.] as may be amended from time to time." Employment Agreement ¶ 8(c).

Mr. Hubbard also executed a Uniform Application for Securities Industry Registration or Transfer, Form U–4 ("Securities Registration"), which provided in part that "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations indicated in Item 10 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgement in any court of competent jurisdiction." Securities Registration ¶ 5. The NYSE and NASD typically are identified in Item 10 of the Securities Registration.

The NYSE rules provide: "(i) A claim submitted as a class action shall not be eligible for arbitration under the Rules of the New York Stock Exchange, Inc. [and] (ii) Any claim filed by a member or members of a putative or certified class action is also ineligible for arbitration in the New York Stock Exchange, Inc. if the claim is encompassed by a putative or certified class action filed in federal or state court, or is ordered by a court to a non SRO arbitration forum for class-wide arbitration." Arbitration Rules, Article XI, NYSE Department of Arbitration, Rule 600(d). The NASD rules similarly provide: "(i) A claim submitted as a class action shall not be eligible for arbitration under this Code at the Association, [and] (ii) Any claim filed by a member or members of a putative or certified class action is also ineligible for arbitration at the Association if the claim is encompassed by a putative or certified class action filed in federal or state court, or is ordered by a court to an arbitral forum not sponsored by a self-regulatory organization for classwide arbitration." NASD Code of Arbitration Procedure § 10301(d), August 1996.

In July 1996, OLDE terminated Mr. Hubbard's employment. Mr. Hubbard filed a discrimination charge with the Equal Em-

---

1. Mr. Hubbard filed a "reply" brief in support of his motion to dismiss on May 11, 1998. The parties dispute whether Mr. Hubbard was entitled to file this document without leave of court. The court need not reach this issue as Mr. Hubbard's reply brief does not address the issue discussed in this order, *i.e.*, whether claims encompassed by a putative class action can be submitted to arbitration under the parties' agreements. Accordingly, the court has disregarded Mr. Hubbard's reply brief for purposes of deciding the instant motions.

ployment Opportunity Commission ("EEOC"). The EEOC dismissed the charge in December 1997.

In February 1998, Mr. Hubbard notified OLDE that unless OLDE paid him $250,-000.00, he would file a class action lawsuit in the United States District Court for the District of Kansas in early March for alleged racial discrimination. OLDE requested Mr. Hubbard's assurance that he would arbitrate his claim pursuant to the parties' agreements. On March 3, 1998, after OLDE did not receive a response from Mr. Hubbard, OLDE brought the instant action requesting an order to compel Mr. Hubbard to arbitrate his dispute with OLDE pursuant to the parties' agreements. On March 12, 1998, Mr. Hubbard filed a class action lawsuit against OLDE in the United States District Court for the Western District of Missouri for alleged racial discrimination.

### Legal Standards

■ Although defendant has filed a motion to dismiss, the motion will be treated as a motion for summary judgment under rule 56 of the Federal Rules of Civil Procedure as both parties refer to the arbitration agreements and incorporated references, which arguably are outside of the pleadings. In such circumstances, the court will apply the general rules applicable to motions for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate if the undisputed facts establish that "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

### Analysis

■ The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, "evinces a strong federal policy in favor of arbitration." *ARW Exploration Corp. v. Aguirre,* 45 F.3d 1455,

1462 (10th Cir.1995) (citing *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987)). The purpose of the FAA "was to reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). "If a contract contains an arbitration clause, a presumption of arbitrability arises." *ARW,* 45 F.3d at 1462 (citing *AT & T Techs., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)). This presumption may be overcome only if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.*

■ While a presumption in favor of arbitration exists, federal policy favors the enforceability of arbitration agreements, including any exclusions, according to their express terms. *See Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). "[A]rbitration is simply a matter of contract between the parties...." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Section 4 of the FAA "does not confer a right to compel arbitration of any dispute at any time; it confers only the right to obtain an order directing that 'arbitration proceed in the manner provided for in [the parties'] agreement.'" *Id.* at 474–75, 109 S.Ct. 1248 (quoting 9 U.S.C. § 4). "Parties are not obligated to arbitrate where they have not agreed to, and parties may exclude certain claims from the scope of their arbitration agreement." *Leonard v. Stuart–James Co., Inc.,* 742 F.Supp. 653, 656 (N.D.Ga.1990).

■ The dispositive issue in this case is whether Mr. Hubbard's discrimination claim falls within the scope of the parties' arbitration agreements.[2] Mr. Hubbard contends

---

**2.** Defendant also argues that the arbitration process is too unfair to permit enforcement, public policy precludes enforcement of the arbitration

agreements, and the arbitration agreements cannot be enforced against Mr. Hubbard. We need

that his claims are not within the scope of the arbitration agreements because he has filed a class action regarding the same claims in the United States District Court for the Western District of Missouri. OLDE argues that Mr. Hubbard has a contractual obligation to arbitrate his claims, which is not impacted or altered by Mr. Hubbard's ability to pursue class claims. In sum, OLDE argues that it "is not seeking to compel arbitration of a class action, but merely to force Hubbard to submit[ ] his claims, as agreed, to arbitration." OLDE apparently contends that the NYSE and NASD arbitration rules only preclude arbitration of class claims, not individual claims. Subsection (ii) of the pertinent NYSE and NASD rules provides, however, that an individual claim encompassed by a putative class action filed in federal court is ineligible for arbitration. *See supra* text at 1269–70. Here, it is undisputed that the same claims which would be resolved in arbitration are encompassed by the class action filed by Mr. Hubbard. The plain language of the arbitration agreements and incorporated rules dictates that Mr. Hubbard's claim is ineligible for arbitration at this time.[3] *See Nielsen v. Piper, Jaffray & Hopwood, Inc.,* 66 F.3d 145, 148–50 (7th Cir.1995) (finding that class action claim was outside scope of arbitration agreement), *cert. denied,* 516 U.S. 1116, 116 S.Ct. 919, 133 L.Ed.2d 849 (1996); *In re Regal Communications Corp. Secs. Litig.,* No. 94–179, 1995 WL 550454, at *11 (E.D.Pa. Sept.14, 1995) (same).

The court's denial of plaintiff's petition to compel arbitration is consistent with the principles behind the NYSE and NASD rules. Arbitration of class claims is disfavored because arbitration of such claims generally is "difficult, duplicative and wasteful." SEC Release No. 34–31371, 57 Fed.Reg. at 52661; *see Self–Regulatory Orgs.; New York Stock Exchange Inc.; Order Approving Proposed Rule Change Relating to Amendments*

to Rule[ ] 600 (Arbitration), 57 Fed.Reg. 40235, 40236 (Sept. 2, 1992). On the other hand, "the judicial system has developed the procedures to [efficiently] manage class action claims." SEC Release No. 34–31371, 57 Fed.Reg. at 52661.

OLDE also argues that the arbitration agreement should be enforced, despite the exclusion for class actions, because Mr. Hubbard's class action suit was filed in response to OLDE's petition to compel arbitration. First, OLDE does not cite any authority for the proposition that the arbitration exclusion for class action claims is inapplicable where a class action is filed after a petition to compel arbitration. This factual situation certainly does not fall within any of the recognized exceptions to the general rule excluding from arbitration any claim encompassed by a class action. *See id.* ("The only exceptions to this rule are in the circumstances where a class action certification has been denied, the class has been decertified, or the party that was a member of a class action has withdrawn or been excluded from the class."). We also note that OLDE was on notice of Mr. Hubbard's class claims before OLDE filed its petition to compel arbitration. Mr. Peterson, an employee of OLDE, states in his affidavit that Mr. Hubbard notified OLDE in February 1998 that unless a settlement was reached, Mr. Hubbard would file a class action lawsuit in early March for alleged racial discrimination. Accordingly, OLDE's filing of the instant action could be viewed as retaliation for Mr. Hubbard's settlement demand which threatened a class action suit. If the court required Mr. Hubbard to arbitrate his claims in this action, then potential class action plaintiffs would be discouraged from attempting to settle their claims (which would be encompassed by a class action suit) prior to filing suit. The court declines to adopt such a position.

---

not address these issues given our ruling on the scope of the arbitration agreements.

**3.** The court notes that OLDE may be able to compel Mr. Hubbard to arbitrate his claim at a later date if certification is denied in Mr. Hubbard's lawsuit, the class is later decertified, or Mr. Hubbard withdraws or is excluded from the class. *See* SEC Release No. 34–31371, *Self–Reg-*

*ulatory Orgs.; Nat'l Assoc. of Secs. Dealers, Inc.; Order Approving Proposed Rule Change Relating to the Exclusion of Class Actions From Arbitration Proceedings,* 57 Fed.Reg. 52659, 52661 (Nov. 4, 1992). Defendant may be able to assert his additional arguments against enforcement of the arbitration agreements in such an action.

IT IS THEREFORE ORDERED that plaintiff's petition to compel arbitration (Doc. # 1) is denied.

IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's petition, which is converted to a motion for summary judgment (Doc. # 4) is granted. Accordingly, this action is dismissed. Defendant's request for its fees and expenses incurred in responding to plaintiff's petition is denied.