[No. 46056-1-I.   Division One.   February 20, 2001.]

JERRY STEIN, *Appellant*, v. GEONERCO, INC., *Respondent*.

42

*Amanda M. Steiner, Beth E. Terrell,* and *Kim D. Stephens* (of *Tousley Brain*), for appellant.

*Sheryl Gordon McCloud, Mark A. Griffin, Gretchen Freeman Cappio,* and *Lynn Lincoln Sarko* (of *Keller Rohrback, L.L.P.*), for respondent.

WEBSTER, J. — Jerry Stein sued Geonerco, Inc., for poor installation and finishing of exterior siding on his house. Geonerco brought a motion to compel arbitration, citing a clause in a warranty agreement. The trial court denied the motion. Geonerco appeals, arguing that the clause covers Stein's claims. We reverse because the clause is broad enough to include Stein's claims.

## FACTS

In May 1996, Jerry Stein purchased a house from Geonerco, Inc. Geonerco had advertised the house with a 25-year manufacturer's warranty on the siding. Upon purchasing the house, Stein also entered into a 10-year warranty agreement with Geonerco in which he agreed to submit any unresolved disputes to binding arbitration.

After living in the house for some time, Stein complained to Geonerco about siding defects. Geonerco inspected the siding and applied a bleaching solution. Not satisfied with the repair, Stein sued Geonerco under the Consumer Protection Act. Geonerco brought a motion to compel arbitration, citing the arbitration clause in the 10-year warranty agreement. The trial court denied the motion to compel arbitration. Geonerco appeals this order interlocutory.

## DISCUSSION

### I

#### Interlocutory Appeal

Stein contends that Geonerco may not seek an interlocutory appeal of the trial court's order denying its motion to compel arbitration. RAP 2.2(a)(3) allows an appeal as a matter of right from "[a]ny written decision

affecting a substantial right in a civil case which in effect determines the action and prevents a final judgment or discontinues the action." This Court has ruled that the right to arbitrate is a "substantial right" under RAP 2.2(a)(3). *Herzog v. Foster & Marshall, Inc.*, 56 Wn. App. 437, 440, 783 P.2d 1124 (1989). A court decision that discontinues an "action" for arbitration falls within the meaning of RAP 2.2(a)(3) because it involves issues wholly separate from the merits of the dispute and because an effective challenge to the order is not possible without an interlocutory appeal. *Herzog*, 56 Wn. App. at 440-41.

First, a motion to compel arbitration invokes special proceedings under RCW 7.04.040, possibly setting up a mini-trial on the existence or validity of an arbitration agreement, even if there is no action on the merits. *Herzog*, 56 Wn. App. at 441-42. The objective of such a motion is to initiate a *separate* action in the forum of arbitration. *Herzog*, 56 Wn. App. at 442. Denial of a motion to compel arbitration effectively discontinues such action. *Herzog*, 56 Wn. App. at 442. Because the ruling is upon an action separate from any related proceeding, it is appealable as a matter of right under RAP 2.2(a)(3). *Herzog*, 56 Wn. App. at 443.

Second, the benefits of arbitration will be irretrievably lost without an interlocutory right to appeal. *Herzog*, 56 Wn. App. at 443. If a trial court does not compel arbitration and there is no immediate right to appeal, the party seeking arbitration must proceed through costly and lengthy litigation before having the opportunity to appeal, by which time such an appeal is too late to be effective. *Herzog*, 56 Wn. App. at 443. This result would frustrate strong public policy favoring arbitration as well as the parties' own arbitration agreement. *Herzog*, 56 Wn. App. at 443.

Stein's citation to cases from other jurisdictions is not persuasive. The Oregon Court of Appeals determined that Oregon statute does not provide it with jurisdiction to hear an interlocutory appeal of an order denying a motion to compel arbitration. *Bush v. Paragon Prop., Inc.*, 165 Or.

App. 700, 997 P.2d 882, 887-88 (2000) (en banc) (court held that provisions in the Federal Arbitration Act that require an interlocutory appeal did not preempt state law that failed to provide the appellate court with such jurisdiction). OR. REV. STAT. § 19.205 (1999) states:

(1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:.

(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

Unlike the Oregon statute, RAP 2.2(a)(3) also includes as appealable an order that "discontinues the action." An order denying a motion to compel arbitration discontinues the action for arbitration and, therefore, is immediately appealable. Based on this construction of RAP 2.2(a)(3), as well as the policy reasons stated above, we find that *Bush* is distinguishable and decline to follow that case. Stein's citation of other jurisdictions is similarly unpersuasive. Instead, we continue to follow *Herzog* and conclude that an order denying a motion to compel arbitration is appealable interlocutory.

## II

### Arbitration Clause

The main issue on appeal is whether Stein's claim is subject to arbitration. We review questions of arbitrability de novo. *Kamaya Co. v. Am. Prop. Consultants, Ltd.*, 91 Wn. App. 703, 713, 959 P.2d 1140 (1998), *review denied*, 137 Wn.2d 1012, 978 P.2d 1099 (1999). In determining whether the two parties agreed to arbitrate the particular dispute, we consider four guiding principles: 1) the duty to arbitrate arises from the contract; 2) a question of arbitrability is a judicial question unless the parties clearly provide otherwise; 3) a court should not reach the underly-

ing merits of the controversy when determining arbitrability; and 4) as a matter of policy, courts favor arbitration of disputes. *Kamaya*, 91 Wn. App. at 713-14. As a rule, a contractual dispute is arbitrable unless the court can say with positive assurance that no interpretation of the arbitration clause could cover the particular dispute. *Kamaya*, 91 Wn. App. at 714.

Under the 10-year warranty agreement with Geonerco, Stein agreed to submit any unresolved dispute to binding arbitration:

> Any 'unresolved dispute' (defined below) that you may have with the Builder . . . shall be submitted to binding arbitration governed by the procedures of the Federal Arbitration Act . . . . As used herein, the term 'unresolved dispute' shall mean all claims, demands, disputes, controversies, and differences that may arise between the parties to this Agreement of whatever kind or nature, including without limitation, disputes: (1) as to events, representations, or omissions which predate this Agreement; (2) arising out of this Agreement or other action performed or to be performed by the Builder . . . pursuant to this Agreement; (3) as to repairs or warranty claims arising during the term of this Agreement; and/or (4) as to the cost to repair or replace any defect covered by this Agreement.

Clerk's Papers (CP) at 132-33. Because the arbitration clause includes repairs arising during the term of the 10-year warranty agreement, the clause includes any repairs to siding. More importantly, the clause generally covers all claims, disputes, demands, controversies and differences between the parties to the agreement. As a result, we conclude that any claims made by Stein against Geonerco regarding construction of the house in question are subject to binding arbitration. Consequently, we must find that the trial court erred in denying the motion to compel arbitration.

Stein argues that the arbitration clause applies only to defects covered by the 10-year warranty agreement because

another section of the agreement limits the meaning of unresolved disputes:

> During the first thirty days following RWC's receipt of proper notice of a defect, RWC will review and mediate the claim by communicating with the Builder, you and any other individuals or entities who RWC believes possesses relevant information. If, after thirty days, RWC has not been able to successfully mediate the claim, or at any earlier time when RWC believes that the Builder and you are at an impasse, then RWC will notify you that your claim is an "unresolved dispute".

CP at 132. Stein cites *ACF Property Management., Inc. v. Chaussee*, 69 Wn. App. 913, 919-20, 850 P.2d 1387 (1993). In *ACF*, the contract in question specifically limited the arbitrator's jurisdiction to claims up to $200,000. *ACF*, 69 Wn. App. at 920. This subsequent language qualified the otherwise broad arbitration clause contained in the contract. *ACF*, 69 Wn. App. at 920. Here, there is no valid comparison to *ACF*. The 10-year warranty agreement contains no language limiting the arbitrator's powers.

Next, Stein contends that the arbitration clause cannot apply because his claim arises from a separate agreement. He cites a series of cases in which the arbitration clause in one agreement did not apply to other agreements between the parties. Here, however, there is only one agreement between Geonerco and Stein—the 10-year warranty agreement. That agreement compels binding arbitration of any unresolved disputes.

■ Stein asks this Court to construe the arbitration clause against the drafter because it is a contract of adhesion. An adhesion contract is usually (1) a standard form, (2) prepared by one party and submitted to another party on a " 'take it or leave it' " basis, (3) when the bargaining power between the parties was not truly equal. *Eelbode v. Chec Med. Ctrs., Inc.*, 97 Wn. App. 462, 472 n.6, 984 P.2d 436 (1999) (quoting *Yakima County (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 393, 858 P.2d 245 (1993)). Geonerco did not prepare the standard form 10-year warranty agreement. Rather, the Residential Warranty Corporation drafted the contract. According to

the closing and escrow agent for the home purchase, it was Stein's lender—not Geonerco—that required Stein to obtain the 10-year warranty. Given these facts, we conclude that the 10-year warranty agreement was not a contract of adhesion.

■■ Next, Stein argues that he reasonably relied on his belief that the arbitration clause had a limited, contextual nature within the 10-year warranty agreement. Unilateral or subjective beliefs about the meaning of what is written do not constitute evidence of the parties' intentions. *Lynott v. Nat'l Union Fire Ins. Co.*, 123 Wn.2d 678, 684, 871 P.2d 146 (1994). It is the duty of the court to determine the meaning of what is written, not what one party intended the writing to mean. *Berg v. Hudesman*, 115 Wn.2d 657, 669, 801 P.2d 222 (1990) (citing *J.W. Seavey Hop Corp. v. Pollick*, 20 Wn.2d 337, 348-49, 147 P.2d 310 (1944). We do not consider Stein's unilateral view on the scope of the arbitration clause but rather interpret it as written.

■ Finally, Stein contends that the arbitration clause is unenforceable because it prevents him from bringing a class action. This is an issue of first impression in Washington. Nonetheless, Stein bears the burden to prove that his case is unsuitable for arbitration. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91, 121 S. Ct. 513, 522, 148 L. Ed. 2d. 373 (2000); *see also* RCW 7.04.010. He cites *Johnson v. Tele-Cash, Inc.*, 82 F. Supp. 2d 264 (D. Del. 1999), for the proposition that there is an inherent conflict between arbitration and statutory provisions that encourage class participation. *Johnson* involved the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1667f, and the Electronic Fund Transfer Act (EFTA), 15 U.S.C. §§ 1693-1693r. *Johnson*, 82 F. Supp. 2d at 266. But, the Third Circuit recently reversed that case because it was unable to find an irreconcilable conflict between arbitration and the TILA and the EFTA. *Johnson v. W. Suburban Bank*, 225 F.3d 366, 378 (3d Cir. 2000), *cert. denied*, 531 U.S. 1145 (2001). Moreover, Stein fails to cite relevant statutory

provisions that conflict with arbitration of his claims.[1]

■ Many courts have enforced arbitration agreements even when the agreements are silent on class action. *E.g.*, *In re RealNetworks, Inc., Privacy Litigation*, No. 00 C 1366, 2000 U.S. Dist. LEXIS 6584, at *20, 2000 WL 631341, at *7 (N.D. Ill. May 8, 2000). In addition to statutory provisions, one commentator has suggested that due process and contract law (i.e., unconscionability) limit the arbitration of class actions. Jean R. Stearnlight, *As Mandatory Binding Arbitration Meets the Class Action, Will the Class Action Survive?*, 42 WM. & MARY L. REV. 1, 120-21 (2000). Because the arbitration clause here is silent on class action and Stein has failed to demonstrate a conflict with statutory provisions, contract law, or due process requirements, we enforce the clause as written.

■ Stein maintains that, even if we decide in favor of arbitration despite his efforts to bring a class action, the arbitration should proceed on a classwide basis. Although Washington courts have not specifically addressed class arbitration, the Washington Supreme Court has ruled that when an arbitration agreement is silent on consolidation, a court may not compel consolidated arbitration. *Balfour, Guthrie & Co. v. Commercial Metals Co.*, 93 Wn.2d 199, 202-03, 607 P.2d 856 (1980). Examining similar cases, the Seventh Circuit held that federal judges could not order class arbitration when the agreement is silent on the issue. *Champ v. Siegel Trading Co.*, 55 F.3d 269, 274-75 (7th Cir. 1995). The court found no meaningful distinction between the failure to provide for consolidated arbitration and class arbitration. *Champ*, 55 F.3d at 275. *But see Conn. Gen. Life*

---

[1] Without relevant statutory provisions, Stein's citation of *Olde Discount Corp. v. Hubbard*, 4 F. Supp. 2d 1268 (D. Kans. 1998), *aff'd*, 172 F.3d 879 (10th Cir. 1999), is not on point because that case involved arbitration under the rules of the New York Stock Exchange (NYSE) and the National Association of Securities Dealers, Inc., (NASD), which expressly state that federal class actions are ineligible for arbitration. *Hubbard*, 4 F. Supp. 2d at 1271. NYSE and NASD rules obviously do not apply to this case. As Geonerco readily points out, Stein's claims under the Consumer Protection Act are not exempt from a mandatory arbitration clause. *Garmo v. Dean, Witter, Reynolds, Inc.*, 101 Wn.2d 585, 590, 681 P.2d 253 (1984).

*Ins. Co. v. Sun Life Assurance Co. of Canada,* 210 F.3d 771, 774-76 (7th Cir. 2000) (silent and ambiguous contract could allow consolidation); Stearnlight, *supra,* at 85-90 (distinctions between consolidation and class action). In contrast, the First Circuit has held that a federal judge could order consolidated arbitration when an arbitration agreement is silent on the issue if state law specifically provides for consolidation. *New Eng. Energy, Inc. v. Keystone Shipping Co.,* 855 F.2d 1, 7 (1st Cir. 1988). Citing *New England Energy,* the California Court of Appeals adopted this rationale in finding that a state law authorized class arbitration even though the arbitration agreement was silent. *Blue Cross v. Superior Court,* 67 Cal. App. 4th 42, 78 Cal. Rptr. 2d 779, 790 (1998), *cert. denied,* 527 U.S. 1003 (1999). Yet, Stein has failed to cite relevant statutory provisions that authorize class arbitration.[2] We cannot compel class arbitration.

## CONCLUSION

To summarize, we continue to hold that an order denying a motion to compel arbitration is appealable interlocutory. Because the arbitration clause broadly covers all claims, disputes, demands, controversies and differences between the parties without limitation, we conclude that it covers the dispute. Consequently, we find that the trial court erred in denying the motion to compel arbitration.

We reverse.

GROSSE and ELLINGTON, JJ., concur.

---

[2] There may be due process and policy grounds for permitting class arbitration. Stearnlight, *supra,* at 85-90, 120-21. Because Stein has not argued these grounds, we do not address them.