77 P.3d 360 (2003)
MUTUAL OF ENUMCLAW INSURANCE COMPANY, Respondent,
v.
Kalin HUDDLESTON, Appellant.
No. 29230-1-II.
Court of Appeals of Washington, Division 2.
September 9, 2003.
Publication Ordered October 7, 2003.
*361 Joanne Henry and Patricia Ann Hicks, Sloan Bobrick & Oldfield, University Place, WA, for Respondent.
Chad Horner, Curran Mendoza PS, Kent, WA, for Appellant.
HOUGHTON, P.J.
Kalin Huddleston sought arbitration of her underinsured motorist claims against her insurer, Mutual of Enumclaw (MOE). She appeals a trial court denial of her motion to compel arbitration. We affirm.

FACTS
MOE provides underinsured motorist coverage to Huddleston. An uninsured motorist injured Huddleston in an accident, and she submitted a claim to MOE. Huddleston and MOE could not agree on her damages.
Huddleston's attorney sent MOE a letter demanding binding arbitration under her insurance policy. MOE's counsel sent a return letter advising that MOE elected a jury trial rather than arbitration. MOE also notified Huddleston that it would file a lawsuit.
On March 27, 2002, MOE filed its lawsuit and jury demand in superior court. As its relief, MOE requested that "the demand for arbitration presented on behalf of Kalin Huddleston be stayed and the issue of damages be determined by a Pierce County Superior Court jury." Clerk's Papers (CP) at 4.
Huddleston moved to compel arbitration under her insurance contract and for an attorney fee award. Huddleston argued that MOE did not properly file a motion to stay arbitration under the Arbitration Act, chapter 7.04 RCW, and that her insurance policy mandated arbitration.
Huddleston's MOE policy provides:
ARBITRATION OR TRIAL
A. If we and a covered person do not agree on whether that person is legally entitled to recover damages from the owner or operator of any underinsured motor vehicle or do not agree as to the amount of damages, the disagreement may be settled by arbitration. We and the covered person however, must mutually agree to arbitrate the disagreement. If we or the covered person do not agree to arbitrate, then the disagreement will be resolved by a trial in a trial court of general jurisdiction. Either party may demand a jury.
CP at 14-15.
The trial court determined that MOE substantially complied with the stay requirements set forth in the Arbitration Act. It then denied Huddleston's motion to compel arbitration and for attorney fees. Huddleston appeals.

ANALYSIS
Huddleston contends that her insurance contract with MOE constitutes "a written agreement containing a provision to settle by arbitration." RCW 7.04.060.
*362 Therefore, she asserts, the Arbitration Act mandates arbitration.
We review a trial court's interpretation of an insurance policy de novo. Stein v. Geonerco, Inc., 105 Wash.App. 41, 45, 17 P.3d 1266 (2001). Under the Arbitration Act, parties may agree in writing either to (1) arbitrate any dispute subject to action at the time of the agreement or (2) arbitrate any future dispute. RCW 7.04.010. The law compels parties to arbitrate only those disputes they agree to arbitrate.
We construe an insurance policy as a contract, giving it a "`fair, reasonable, and sensible construction as would be given to the contract by the an average person purchasing insurance.'" Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wash.2d 654, 666, 15 P.3d 115 (2000) (quoting Am. Nat'l Fire Ins. Co. v. B & L Trucking & Constr. Co., 134 Wash.2d 413, 427, 951 P.2d 250 (1998)). We must enforce clear and unambiguous language and we may not modify it or create ambiguity where none exists. Weyerhaeuser Co., 142 Wash.2d at 666, 15 P.3d 115 (citing B & L Trucking, 134 Wash.2d at 428, 951 P.2d 250). An ambiguity exists when the language is fairly susceptible to two different interpretations, both of which are reasonable. Weyerhaeuser Co., 142 Wash.2d at 666, 15 P.3d 115 (citing B & L Trucking, 134 Wash.2d at 428, 951 P.2d 250).
Here, the statement, "[i]f we or the covered person do not agree to arbitrate, then the disagreement will be resolved by a trial in a trial court of general jurisdiction," is unambiguous. CP at 15. Both the insurer and the insured must agree to arbitrate. And if either party does not agree to arbitrate, then the dispute will be resolved through trial. Under the insurance policy, resolving future disputes through arbitration is an option, along with trial, but it is not the only method of dispute resolution. Hence, this clause does not constitute a provision to settle "any controversy" by arbitration as stated in RCW 7.04.010. The insurance policy provision, not the Arbitration Act, applies here. MOE did not agree to arbitrate and the trial court properly denied Huddleston's motion to compel arbitration.[1]
Huddleston also contends that she is entitled to attorney fees under Olympic Steamship Company v. Centennial Insurance Company, 117 Wash.2d 37, 811 P.2d 673 (1991). Because she does not prevail, she is not entitled to fees.
Affirmed.
We concur: BRIDGEWATER and ARMSTRONG, JJ.
NOTES
[1] Huddleston further contends that MOE failed to properly stay arbitration under RCW 7.04.040(4). Because we hold that the Arbitration Act does not apply here, we do not address this issue.