# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KAREN V. AGARS, | ) | NO. 69566-5-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| ROLLAND M. WATERS, | ) | |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| | ) | |
| and | ) | FILED: December 16, 2013 |
| | ) | |
| CRAY, INC., | ) | |
| Garnishee. | ) | |

LAU, J. — Karen Agars and Rolland Waters executed a CR 2A separation agreement containing an arbitration clause that was later incorporated into their final decree of dissolution. Five years after entry of the decree, Agars obtained a writ of garnishment to collect an unpaid attorney fee judgment entered before execution of the CR 2A agreement. Waters invoked the arbitration clause in his motion to quash the writ. The trial court granted the motion, implicitly rejecting arbitration. It then sanctioned Agars under CR 11 and awarded attorney fees and costs to Waters. Given the parties' agreement to arbitrate and the strong public policy favoring arbitration, we reverse the order quashing the writ of garnishment, vacate the November 7, 2012 judgment for attorney fees and sanctions, and remand for arbitration.

## FACTS

After petitioning to dissolve her marriage to Waters, Agars filed a motion for temporary orders. On June 7, 2006, the court commissioner entered a temporary order awarding Agars, among other relief, a $5,000 attorney fee judgment. The order included a judgment summary that identified Agars as the judgment creditor and Waters as the judgment debtor. The order stated, "The husband shall pay temporary attorney's fees, other professional fees and costs in the amount of $5,000 to: [Agars' attorney] Matthew I. Cooper." Waters never paid the judgment.

On January 29, 2007, the parties executed a "Separation Contract and CR 2A Agreement." The agreement contained no provision expressly addressing the attorney fee judgment. In March 2007, the trial court entered a decree of dissolution. The decree expressly incorporated the separation agreement.

In June 2012, Agars served a writ of garnishment on Waters' employer. Agars' attorney certified that "[t]he total amount due under the judgment is $5,000 plus $3,601.64 for interest accrued during the period June 7, 2006 through June 6, 2012." The certification identified Waters as the judgment debtor.

Waters moved to quash the writ of garnishment on the ground that the CR 2A agreement satisfied the attorney fee judgment. He argued in the alternative that the agreement "mandates that any dispute arising Post-Decree that relates, directly or indirectly, to the dissolution must be submitted to binding arbitration."

Paragraph 40 of the CR 2A agreement contains an arbitration provision. It states, "Each party agrees and stipulates that all disputes in reducing this agreement to documents and orders, including resolution of any issues inadvertently omitted from the

agreement but necessary to final disposition of this matter, shall be subject to binding arbitration with Douglas P. Becker." CP 414 (emphasis added). Waters argued that Agars was "bound by the CR2A Agreement to bring her claim for the alleged attorney's fees before Mr. Becker for resolution." Agars responded that paragraph 40 applied only to "disputes pertaining to <u>the drafting of the final documents . . . .</u>" She argued that the attorney fee judgment's enforceability was not a "drafting" dispute subject to arbitration.

At oral argument on his motion to quash, Waters argued:

> Finally, we have an ADR provision within this agreement. Now the petitioner would like the court to conclude that this ADR agreement does not apply to this particular case. But if you look at the language of the ADR agreement, which is Paragraph 40, it states, Each party agrees and stipulates that all disputes in reducing this agreement to documents and orders, including resolution of any issues inadvertently omitted from the agreement but necessary to a final disposition of this matter shall be subject to binding arbitration.
> Now, if that's not an encapsulation of the intent to ensure that anything not decided by the final decree because the courts want these decrees to be final be submitted [sic] to mediation, then I don't know what it is. That clearly is an instruction to the petitioner that if she truly believed, if she truly believed that this temporary order was still on record as being valid and had not been incorporated into the CR 2A agreement, she should have taken effort to bring this matter to mediation. And for that reason alone, the writ should be quashed.

Verbatim Report of Proceedings (October 17, 2012) at 12-13. Agars responded that she received insufficient notice of arbitration and that, in any event, the dispute was not arbitrable.

The trial court entered a written order quashing the writ of garnishment, imposing CR 11 sanctions against Agars, and awarding attorney fees and costs to Waters.[1] It implicitly rejected Waters' arbitration demand. Agars appeals.

---

[1] On Waters' motion, the court entered a final judgment awarding Waters $7,127.05 in attorney fees "[p]ursuant to RCW 6.27.230 and the parties' CR2A Agreement." The court awarded no monetary CR 11 sanctions, electing instead to "incorporate" the sanctions into Waters' attorney fee award.

## ANALYSIS

Under the uniform arbitration act, the trial court may order the parties to arbitrate "[o]n motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement." RCW 7.04A.070(1). Unless the parties clearly provide otherwise, arbitrability is a judicial question. Stein v. Geonerco, Inc., 105 Wn. App. 41, 45, 17 P.3d 1266 (2001). When presented with a motion to compel arbitration, the trial court asks only whether it can "fairly say that the parties' arbitration agreement covers the dispute . . . ." Davis v. Gen. Dynamics Land Sys., 152 Wn. App. 715, 718, 217 P.3d 1191 (2009). Any doubt concerning the scope of an arbitration clause should be resolved in favor of coverage. Kamaya Co., Ltd. v. Am. Prop. Consultants, Ltd., 91 Wn. App. 703, 714, 959 P.2d 1140 (1998).

"There is a strong public policy in Washington State favoring arbitration of disputes." Perez v. Mid-Century Ins. Co., 85 Wn. App. 760, 765, 934 P.2d 731 (1997). Public policy favors arbitration because it "eases court congestion, provides an expeditious method of resolving disputes and is generally less expensive than litigation." Munsey v. Walla Walla College, 80 Wn. App. 92, 95, 906 P.2d 988 (1995). "There is no reason why, in the face of their solemn agreement, the parties should be given an alternative of invoking the time consuming and costly machinery of the courts in lieu of the relative expedience of an arbitration proceeding." Hanford Guards Union of Am., Local 21 v. Gen. Elec. Co., 57 Wn.2d 491, 498, 358 P.2d 307 (1961). "It is the evaluation and conclusion of the arbitrator, and not those of the courts, that the parties have promised to abide by." Hanford Guards, 57 Wn.2d at 498.

The parties' settlement agreement, incorporated into the final decree of dissolution, undisputedly contains a provision to arbitrate the parties' dispute. Waters invoked the parties' arbitration clause and asked the trial court to enforce it. Agars argued that arbitration was inappropriate.[2] Under the circumstances, the court erred when it decided the invalidity of the attorney fee judgment and quashed the writ. That dispute must be decided by the arbitrator in accordance with the parties' agreement. Accordingly, we reverse the order quashing the writ of garnishment, vacate the November 7, 2012 judgment for attorney fees and sanctions, and remand for arbitration.[3]

WE CONCUR:

---

[2] Under RCW 7.04A.090, a party "initiates an arbitration proceeding by giving notice in a record to the other parties to the agreement to arbitrate . . . ." Compliance with this provision is a question for the arbitrator, not for the trial court. Verbeek Props., LLC v. GreenCo Envtl., Inc., 159 Wn. App. 82, 87-89, 246 P.3d 205 (2010).

[3] Given our disposition, we need not address the remaining issues on appeal. We do not address the question, raised by Waters, of whether an attorney fee judgment entered during a dissolution proceeding is a "temporary order" that terminates upon entry of the final decree under RCW 26.09.060(10).