IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| REECER CREEK EXCAVATING, LLC, a Washington Limited Liability Company, | ) ) ) | No. 40486-2-III |
| Appellant, | ) ) | |
| v. | ) ) | |
| | ) | PUBLISHED OPINION |
| SRI-ROCHLIN CONSTRUCTION JV, LLC, a Washington Limited Liability Company, JAMES ROCHLIN, an individual, | ) ) ) ) ) | |
| Respondent. | ) ) | |

LAWRENCE-BERREY, C.J. — Reecer Creek Excavating, LLC appeals the trial court's denial of its motion to modify/vacate the arbitration award. It argues the trial court erred because the arbitrator exceeded its authority when awarding SRI-Rochlin Construction JV, LLC consequential damages and denying it, Reecer Creek, an award of reasonable attorney fees for prevailing at arbitration.

We agree with Reecer Creek that the parties' agreement did not permit the arbitrator to award SRI consequential damages. But we mostly disagree that the arbitrator's offset award to SRI consisted of consequential damages. We also agree with

No. 40486-2-III
*Reecer Creek Excavating v. SRI-Rochlin Constr.*

Reecer Creek that the order referring the dispute to arbitration required the arbitrator to award the prevailing party its reasonable attorney fees. But where both parties prevail on major claims, as happened here, it is proper to order parties to bear their own fees and costs. We generally affirm the trial court and award SRI its reasonable attorney fees on appeal.

## FACTS

*Background*[1]

SRI is a contractor that oversaw the construction of a housing project in Ellensburg, Washington. In March 2020, SRI entered into a subcontract agreement with Reecer Creek. Reecer Creek was responsible for excavation, removal of various debris, paving, concrete work, and other services in connection with the housing project. The subcontract provided a completion date of April 28, 2021. After the execution of the agreement, the parties agreed that all additional work would be completed on a time and materials basis, with requests for change order work requiring written approval.

Shortly after Reecer Creek began working, the COVID-19 pandemic interrupted progress on the project for three weeks. Following the brief pause, Reecer Creek's

---

[1] The facts come from the arbitrator's detailed award. The choice to provide reasoned awards makes them subject to collateral challenges. We, nevertheless, encourage arbitrators to provide reasoned awards. Parties should understand why they won or lost, and courts are apt to respect reasoned awards.

excavation work continued with minimal disruption.  In October 2020, SRI's

construction manager, James Rochlin, expressed concern to Reecer Creek that the

excavation work was moving too slow.  Mr. Rochlin was worried that the winter weather

would prolong excavation and make it difficult, if not impossible, to complete asphalt

paving by the deadline.

In May 2021, Reecer Creek submitted "Application #15" for its work completed

through April.  Clerk's Papers (CP) at 77.  SRI paid the $181,207.67 invoice in full.

However, at that time, Mr. Rochlin questioned Reecer Creek about the pay applications

and the change order work being billed.

In July 2021, Reecer Creek stopped working after SRI failed to pay "Application

#16" in the amount of $90,272.55.  CP at 78.  This application was exclusively for

change order work.  After Reecer Creek stopped working, SRI finished a portion of the

project with its own employees and hired other subcontractors for the remaining work.

Reecer Creek filed a lien against the property for $201,831.98, which consisted of

$90,272.55 for Application #16 and retainage amounts totaling $111,559.43 for the prior

pay applications.

Reecer Creek sued SRI for breach of contract.  Soon after, the parties entered a

stipulated order for private arbitration.  The order provided that (1) the arbitration would

be subject to the mandatory arbitration rules of Kittitas County, except that the $50,000

jurisdictional limit would be waived, (2) the prevailing party shall be entitled to reasonable attorney fees and costs, and (3) the arbitration award would be final with no right to appeal "under MAR," except to challenge that the arbitrator exceeded its authority. CP at 73.

At the arbitration, both parties advanced claims for breach of contract. The arbitrator determined that Reecer Creek breached the subcontract by not completing its work by April 28, 2021, by overbilling for survey work, and by installing a fire suppression system without being properly licensed to do so. The arbitrator also determined that SRI breached the subcontract by withholding payment for Application #16. The arbitrator awarded Reecer Creek its requested retention amount of $111,559.43 and $79,330.10 for Application #16. The unadjusted award to Reecer Creek thus totaled $190,889.53.

The arbitrator offset Reecer Creek's award by $135,731.50. The offset was based on (1) $58,669.75 for bonding around liens and for costs to complete the contract above the budgeted amount, (2) $54,430.00 for repairing work not done properly by Reecer Creek, and (3) $22,632.75 for Reecer Creek's unnecessary survey work. In addition, the arbitrator ordered Reecer Creek to defend, indemnify, and hold SRI harmless for future claims against SRI for injuries or damages arising from the failure of the fire suppression system. Subject to this contingent loss, the net arbitration award was $55,158.03 to

Reecer Creek. The arbitrator determined that each party should bear their respective attorney fees and costs.

Reecer Creek challenged the arbitration award in superior court. It argued the arbitrator exceeded its authority by awarding SRI consequential damages and by denying it, Reecer Creek, its reasonable attorney fees and costs. The trial court denied Reecer Creek's challenge, and Reecer Creek timely appealed to this court.

## ANALYSIS

### A. SRI'S OFFSET AWARD

Citing § 6.4 of the subcontract, Reecer Creek argues the arbitrator exceeded its authority by offsetting Reecer Creek's award by SRI's consequential damages. We address the arbitrator's authority as authorized by the parties' contract and then address whether the arbitrator exceeded its authority.

An arbitrator's authority derives from the parties' agreement to arbitrate. *Agnew v. Lacey Co-Ply*, 33 Wn. App. 283, 287, 654 P.2d 712 (1982). Because of this, an arbitrator's authority may sometimes be limited:

> "[a]n agreement for the submission of a dispute to arbitration defines and limits the issues to be decided. *The authority of the arbitrator is wholly dependent upon the terms of the agreement of submission. The arbitration award must concern only those matters included within the agreement for submission and must not exceed the powers established by the submission.*"

*ACF Prop. Mgmt. Inc. v. Chaussee*, 69 Wn. App. 913, 919, 850 P.2d 1387 (1993)

(quoting *Sullivan v. Great Am. Ins. Co.*, 23 Wn. App. 242, 246, 594 P.2d 454 (1979)).

Here, § 6.4 of the subcontract states, "The [parties] waive claims against each other for consequential damages arising out of or relating to this Subcontract." CP at 61. We agree with the portion of Reecer Creek's argument that the arbitrator lacked authority to award consequential damages.

We have previously defined "consequential damages" as "'[l]osses that do not flow directly and immediately from an injurious act, but that result indirectly from the act.'" *Park Ave. Condo. Owners Ass'n v. Buchan Devs., LLC*, 117 Wn. App. 369, 389, 71 P.3d 692 (2003) (quoting BLACK'S LAW DICTIONARY 394 (7th ed. 1999)). Examples of consequential damages include lost profits from construction delays, *London v. City of Seattle*, 93 Wn.2d 657, 665, 611 P.2d 781 (1980), and lost rent from delayed completion of a construction project. *Egerer v. CSR West, LLC*, 116 Wn. App. 645, 657, 67 P.3d 1128 (2003).

Here, the arbitrator awarded SRI an offset of $58,669.75 for "bonding around the liens, fencing and additional costs to complete the concrete work over the amount budgeted." CP at 83. With respect to bonding around the liens and fencing, the arbitrator found that "these costs and expenses were a result of [Reecer Creek] failing to complete work specified within the contract in a timely manner or abandoning the project with

6

their work unfinished." CP at 83. Thus, those items represent losses that flowed directly and immediately from Reecer Creek's breach of contract and therefore are not consequential damages. Similarly, the cost to complete the concrete work over the budgeted amount, the $54,430.00 to repair work not properly done by Reecer Creek, and Reecer Creek's overbilling for survey work in the amount of $22,632.75 were losses to SRI that flowed directly and immediately from Reecer Creek's various contract breaches and therefore are not consequential damages.[2]

Nevertheless, requiring Reecer Creek to defend, indemnify, and hold SRI harmless from future claims related to the fire suppression system is not a harm that arises directly and immediately from Reecer Creek's breach of contract. We vacate this portion of the arbitrator's award.[3]

---

[2] In its reply brief, Reecer Creek cites § 4.8 of the subcontract for the proposition that it was entitled to stop work because of SRI's failure to pay Application #16. We will not consider an argument raised for the first time in a reply brief. *In re Marriage of Bernard*, 165 Wn.2d 895, 908, 204 P.3d 907 (2009). Even were we to consider the argument, the right to stop work does not absolve Reecer Creek of liability for work not properly done and for overbilling the survey work.

[3] By vacating this portion of the award, we do not imply that the arbitrator erred. The record does not reflect whether Reecer Creek ever informed the arbitrator that it could not award consequential damages.

B.        REECER CREEK'S REASONABLE ATTORNEY FEES AND COSTS

Reecer Creek argues the arbitrator exceeded its authority by denying it its

reasonable attorney fees and costs after it prevailed in the arbitration.

As noted previously, an arbitrator's authority is wholly dependent on the terms of

the parties' submission to arbitrate. *ACF Prop. Mgmt.*, 69 Wn. App. at 919.  Here, in

their stipulation to arbitrate, the parties agreed that the arbitrator "shall" award the

prevailing party its reasonable attorney fees and costs.  CP at 73.  The question we must

answer is whether Reecer Creek was the prevailing party in the arbitration.

In general, a prevailing party is one who receives an affirmative judgment in their

favor.  *Riss v. Angel*, 131 Wn.2d 612, 633, 934 P.2d 669 (1997).  If neither party wholly

prevails, then the determination depends upon which party substantially prevails, and this

determination depends upon the extent of relief afforded the parties.  *Id.*  Where multiple

and distinct claims are litigated, a "proportionality approach" should be taken.  *Dave

Johnson Ins., Inc. v. Wright*, 167 Wn. App. 758, 783, 275 P.3d 339 (2012).  But if both

parties prevail on major issues, the parties should bear their own fees and costs.  *Id.*;

*Chiu v. Hoskins*, 27 Wn. App. 2d 887, 903, 534 P.3d 412 (2023), *review denied*, 2 Wn.3d

1018, 542 P.3d 569 (2024).

In its award, the arbitrator explained that Reecer Creek sought $201,831.98, while

SRI believed it overpaid Reecer Creek and sought substantial offsets totaling

8

$147,221.49. The arbitrator awarded Reecer Creek approximately 94 percent[4] of its

claims and awarded SRI approximately 92 percent[5] of its requested offset. We conclude

that because both parties substantially prevailed on major issues, the arbitrator did not err

by directing them to bear their own fees and costs.

 C.  REASONABLE ATTORNEY FEES ON APPEAL

 SRI, citing RAP 18.1(a) and RCW 7.04A.250(3), requests its reasonable attorney

fees on appeal and dedicates a portion of its brief to its request.

 RCW 7.04A.250(3) provides in relevant part:

> On application of a prevailing party to a contested judicial proceeding
> under RCW 7.04A.220, 7.04A.230, or 7.04A.240, the court may add to a
> judgment confirming, vacating without directing a rehearing, modifying, or
> correcting an [arbitration] award, attorneys' fees and other reasonable
> expenses of litigation incurred in a judicial proceeding after the award is
> made.

An appeal qualifies as a "'contested judicial proceeding.'" *Saleemi v. Doctor's Assocs.*,

*Inc.*, 166 Wn. App. 81, 98, 269 P.3d 350 (2012) (quoting RCW 7.04A.250(3)), *aff'd*, 176

Wn.2d 368, 292 P.3d 108 (2013).

 Here, SRI substantially prevailed because we generally affirmed the trial court's

confirmation of the arbitration award. The only part of the award we ordered vacated is

---

[4] $190,889.53 divided by $201,831.98 = 94.58 percent.

[5] $135,731.50 divided by $147,221.49 = 92.20 percent.

the portion requiring Reecer Creek to defend, indemnify, and hold SRI harmless for future claims against SRI related to the fire suppression system. We deem SRI the prevailing party and grant SRI's request for reasonable attorney fees on appeal.

We generally affirm.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Murphy, J.

10